**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**IDIANAPOLIS DIVISION**

| | |
|---|---|
| KUN DUAN,<br>*on his own behalf and on behalf of others similarly situated*<br>　　　　　　　　　　　　Plaintiff,<br>　　　　　　　v.<br>M X PAN INCORPORATED<br>　　d/b/a Formosa Seafood Buffet;<br>SIU WONG PING<br>　　a/k/a Siuwong Ping, and<br>　　a/k/a Peter Pan;<br>MIN XIU DONG<br>　　a/k/a Minxiu Dong<br>　　　　　　　　　　　　Defendants. | **Case No. 22-cv-02333**<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23 CLASS**<br>**ACTION**<br><br>**<u>COMPLAINT</u>**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KUN DUAN (hereinafter referred to as "Plaintiff" or "Duan"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants M X PAN INCORPORATED d/b/a Formosa Seafood Buffet (hereinafter referred to as "Corporate Defendant"); SIU WONG PING a/k/a Siuwong Ping and a/k/a Peter Pan and MIN XIU DONG a/k/a Minxiu Dong (hereinafter collectively referred to as "Individual Defendants") (collectively with Corporate Defendant referred to as "Defendants") and allege as follows:

**<u>INTRODUCTION</u>**

1.　　　KUN DUAN brings this action on behalf of himself, and others similarly situated employees for violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; the Indianan Code; and Indiana Minimum Wage Law (I.M.W.L.) arising from the Defendants various willful, malicious and unlawful policies, patterns and/or practices.

2. KUN DUAN alleges under the FLSA that he is entitled to recover from the Defendants (1) unpaid wages and overtime wages, (2) liquidated damages and/or (3) attorneys' fees and costs

3. KUN DUAN alleges under the Indianan Code and IMWL that he is entitled to recover from defendants (1) unpaid wages and overtime wages; (2) liquidated damages and/or (3) attorney fees and costs.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5. The Court has supplemental jurisdiction over KUN DUAN's claims under section 1367, Subsection (a) of Title 28 of the United Sates Code.

6. Venue is proper in the Southern District of Indiana, Indianapolis Division pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code, because Defendants conduct business in the Indianapolis Division and because the acts and omissions giving rise to the claims alleged herein took place within the Indianapolis Division.

## PLAINTIFF

7. Plaintiff KUN DUAN was employed by Defendants from on or about May 23, 2021, to October 3, 2022, to work as a Fry Wok at Defendants' restaurant known as "Formosa Seafood Buffet" located at 6304 E 82nd St, Indianapolis, IN 46250.

## DEFENDANTS

*Corporate Defendant*

8. M X PAN INCORPORATED d/b/a Formosa Seafood Buffet is a domestic

business corporation with a registered address at 5998 Hollythorn Pl., Carmel, IN, 46033 and a principal place of business at 6304 East 82nd Street, Indianapolis, IN 46032.

9. M X PAN INCORPORATED d/b/a Formosa Seafood Buffet during the period relevant to KUN DUAN's employment was a business with a gross amount revenue in excess of $500,000.00 per year.

10. M X PAN INCORPORATED d/b/a Formosa Seafood Buffet is a business engaged in interstate or foreign commerce.

11. M X PAN INCORPORATED d/b/a Formosa Seafood Buffet is a business that employed more than ten (10) employees.

*Owner/Operator Defendants*

12. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan is the owner, manager, registered agent, and secretary for M X PAN INCORPORATED d/b/a Formosa Seafood Buffet.

13. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan acted willfully, intentionally, and maliciously and is an employer within the meaning of FLSA, the Indiana Code and IMWL and is jointly and severally liable with Corporate Defendant.

14. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan is the manager for M X Pan Incorporated and to KUN DUAN as Peter Pan was an active day-to-day manager at Corporate Defendant.

15. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan hired KUN DUAN.

16. In addition to Plaintiff, SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan also hired a chef, with the surname SHI and a Spanish-speaking staff member for Formosa Seafood Buffet.

17. KUN DUAN reported to SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan.

18. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan supervised KUN DUAN.

19. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan would provide KUN DUAN with his weekly schedule.

20. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan paid KUN DUAN.

21. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan throughout the period of plaintiff's employment had the power to hire and fire employees, including plaintiff, determine the schedule and conditions of employment for all the workers who worked, including plaintiff, determined the pay rates for each of the employees and paid the employees, including plaintiff, and kept records for Corporate Defendant.

22. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan acted willfully, intentionally, and maliciously and is an employer within the meaning of FLSA, the Indiana Code and IMWL and is jointly and severally liable with Corporate Defendant.

23. MIN XIU DONG a/k/a Minxiu Dong throughout KUN DUAN's employment was an active day-to-day manager and was known to KUN DUAN as 'Lady Boss'.

24. MIN XIU DONG a/k/a Minxiu Dong worked in the front desk at Formosa Seafood Buffet.

25. As the "Lady Boss" and another day-to-day manager, MIN XIU DONG a/k/a Minxiu Dong supervised KUN DUAN.

26. MIN XIU DONG a/k/a Minxiu Dong throughout plaintiff's employment had the power to hire and fire employees, determine the schedule and condition of employment

for all the workers who worked; determined the pay rates for each of the employees and kept records for corporate defendant.

## STATEMENT OF FACTS

27. Defendants did not post the labor law notice posters required by Title 22-2-2-8(c) of the Indiana Code.

28. As part of Plaintiff's employment, Plaintiff along with other buffet workers was provided with a dorm at 9119 Thrushwood Court, Indianapolis, Indiana 46250.

29. KUN DUAN was employed by defendants from on or about May 23, 2021, to October 3, 2022, to work as a fry wok at Defendant's restaurant "Formosa Seafood Buffet".

30. From on or about May 23, 2021, to September 30, 2021, KUN DUAN worked from:

   a. Around 09:45 to 22:00 on Sundays, Mondays, Wednesdays, and Thursdays for twelve and a quarter (12.25) hours per day four (4) days, for approximately forty nine (49) hours per week;

   b. Around 09:45 to between 22:30 and 23:00 for an approximate thirteen hours (13) hours per day for two (2) days per week, for approximately twenty six (26) hours per week;

31. Thus, from on or about May 23, 2021 to September 30, 2021, Plaintiff KUN DUAN's schedule regularly ran around seventy-five (75) hours per week.

32. From on or about October 1, 2021 to October 3, 2022, Plaintiff KUN DUAN worked from:

   a. around 11:00 to 22:00 for eleven (11) hours per day for six (6) days per week.

33. Thus from on or about October 1, 2021 to October 3, 2022, Plaintiff KUN

DUAN's schedule regularly ran approximately sixty-six (66) hours per week.

34. Additionally, at all relevant times, one or twice per month, KUN DUAN would stay late until 24:00 hours (12:00 AM) as employee staff have to stay after if there was a large party at the restaurant.

35. Plaintiff was not paid for any such hours.

36. At all relevant times during KUN DUAN's employment he was not awarded any break period during the day.

37. Defendants did not keep any records of KUN DUAN's working time.

38. From on or about May 23, 2021, to May 31, 2022, KUN DUAN was paid a flat compensation at a rate of four thousand dollars ($4,000.00) per month.

39. From on or about June 01, 2022, to October 3, 2022, KUN DUAN was paid a flat compensation of four thousand five hundred dollars ($4,500.00) per month.

40. Throughout KUN DUAN employment his flat compensation did not include one and one half (1.5) pay for any hours worked in a week beyond the fortieth (40th) hour.

41. Defendants failed to provide KUN DUAN a wage statement with each payment that included (1) the hours worked by him, (2) the wages paid to the employee, and (3) the listing of any deductions made on the defendant's behalf pursuant to Title 22-2-2-8(a).

42. Defendants committed the foregoing acts knowingly, intentionally, willfully, and maliciously against KUN DUAN, the collective and the class.

## COLLECTIVE ACTION ALLEGATIONS

43. KUN DUAN brings this action individually and on behalf of other current and former non-exempt workers of defendants over the three years preceding the filing of this complaint, through the entry of judgement of this case (the "Collective").

## CLASS ACTION ALLEGATIONS

44. KUN DUAN brings his IMWL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all other current and former non-exempt workers employed by Defendant over the three years preceding the filing of this complaint, through the entry of judgment in this case (the "Class").

45. The Class members are readily ascertainable, and the class members numbers of names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

*Numerosity*

46. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.

47. Although the precise number of such persons is unknown and the facts on which the calculation of the precise numbers are presently, within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class.

*Commonality*

48. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including; (1) whether Defendants employed plaintiff and the class members within the meaning of the IMWL, (2) whether plaintiff and the class members were correctly compensated for all the times that they worked over forty (40) hours, (3) whether plaintiff and the class members were provided with a wage statement every week they worked., and (4) at what common rate, or rates subject to common method of calculations, were and are Defendants required to pay Class members?

*Typicality*

49. KUN DUAN's claims are typical of those claims which could be alleged by any class member, and relief sought is typical of the relief that would be sought by any Class member in a separate action.

50. Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

51. KUN DUAN and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

*Adequacy*

52. KUN DUAN is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

53. KUN DUAN is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations

*Superiority*

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

55. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

56. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

57. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

58. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

59. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

60. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

61. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

62. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks

# STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/ Unpaid Wages
Brought on behalf of the Plaintiff and the FLSA Collective]**

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

66. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

67. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
**Violation of 29 U.S.C. §207(a)(1)—Failure to Pay Overtime Brought on behalf of Plaintiff and the Collective**

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged

in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

70. Throughout his employment, KUN DUAN was paid a flat salary that did not include additional pay at time-and-a-half for any time that he worked more than forty (40) hours in that week.

71. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

72. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay KUN DUAN overtime

## COUNT III.
**[Failure to Pay Wages in Violation of the Indiana Wage Payment Statute Brought on behalf of Plaintiff and the Class]**

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Plaintiff worked hours for which he was not paid.

75. Plaintiff suffered financial harm as a result of not being paid.

76. Defendant did not and does not have a reasonable basis to not have paid Plaintiff his earned wages.

## COUNT IV.
**[Violation of Indiana Code §22-2-2-4(f)—Failure to Pay Overtime
Brought on behalf of Plaintiff and the Class]**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. Indiana Code §22-2-2-4(f) states, 'Except as otherwise in this section, no employer shall employ any employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed.'

79. Additionally, Indiana Code §22-2-2-9 states, Any employer who violates the provisions of Section 4 of this chapter shall be liable to the employee or employees affected in the amount of their unpaid minimum wages and an equal additional amount as liquidated damages.'

80. KUN DUAN was employed more than forty (40) hours per week every week that he was employed with Defendants.

81. KUN DUAN flat compensation that he received did not compensate him at a rate of one and a half (1.5) for all the hours that he worked over forty (40) hours in the weeks

82. Defendants knowingly, willfully and maliciously disregarded the provision of the Indian Code by failing to pay Kun Duna at an overtime rate for the weeks that he worked more than forty (40) hours.

## COUNT V.
**[Violation of Indiana Code §22-2-2-8(a)—Failure to Provide a Wage Statement
Brought on behalf of Plaintiff and the Class]**

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. Indiana Code §22-2-2-8(a) states, 'Every employer subject to the provisions of

this chapter or to any rule or order issued under this chapter shall each pay period furnish to each employee a statement that includes at least the following information: (1) the Hours worked by the employee, (2) the Wages paid to the employee, and (3) A listing of the deductions made by the employer.'

85. KUN DUAN did not receive any statement that included the following things set out in the previous paragraph when he was paid monthly by the defendants.

86. Defendants knowingly, willfully and maliciously disregarded the provisions of the Indiana Code by failing to provide KUN DUAN with a statement with the (1) hours that he worked; (2) the wages that he was going to be paid and (3) a listing of any deductions made by the defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and Indiana State Law;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid minimum wage and overtime wages due under FLSA and Indiana Minimum Wage Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

      g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      h)      The cost and disbursements of this action;

      i)      An award of prejudgment and post-judgment fees;

      j)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: December 5, 2022
Flushing, New York

        TROY LAW, PLLC
        41-25 Kissena Blvd, Suite 110
        Flushing, NY 11355
        *Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*
        /s/ John Troy
        John Troy
        Aaron Schweitzer
        Tiffany Troy