UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KUN DUAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02333-RLY-KMB |
| | ) |
| MX PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET, SIU WONG PING a/ka/ SIUWONG PING a/k/a PETER PAN, MIN XIU DONG a/k/a MINXIU DONG, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
AND SETTING IN PERSON HEARING**

Currently pending before the Court is Plaintiff Ken Duan's Motion to Compel Defendants to Provide Discovery Responses and Collective Names List. [Dkt. 50.] For the reasons detailed below, the Court **GRANTS** Mr. Duan's motion.

**I. RELEVANT BACKGROUND**

Mr. Duan initiated this putative class action against Defendants MX Pan Incorporated d/b/a Formosa Seafood Buffet, Siu Wong Ping, and Min Xiu Dong (collectively "Defendants") in December 2022. [Dkt. 1.] Mr. Duan worked for Defendants from May 2021 to October 2022 as a fry cook at the Formosa Seafood Buffet. [*Id.* at ¶ 7.] Mr. Duan alleges that Defendants did not pay him overtime premiums and a minimum wage, thereby violating the Fair Labor Standards Act, Indiana's Wage Payment Statute, and Indiana Codes § 22-2-2-4(f) and § 22-2-2-8(a). [*Id.* at 10-13.]

Although Defendants were originally represented by counsel in this matter, their attorney withdrew his appearance in May 2023, and Defendants have yet to have a new attorney appear on

their behalf. [Dkt. 33.] The individual Defendants are proceeding *pro se*, and the Court has repeatedly made clear to the corporate Defendant that it can only be represented by an attorney.[1] Defendants have failed to appear at multiple scheduled conferences with the Court, respond to Orders to Show Cause, respond to Mr. Duan's discovery requests, and provide a list of names and contact information of certain current and former employees as ordered by the Court. [*See* dkts. 35; 39; 48; 51.] The Court will outline the relevant case history as it relates to the pending Motion to Compel.

On June 21, 2023, Defendant Siu Wong Ping appeared for a Telephonic Status Conference during which the Court, counsel for Mr. Duan, and Mr. Ping discussed the status of discovery. [Dkt. 38.] Defendants MX Pan Inc. and Min Xiu Dong did not appear. [*Id.*] During the conference, Mr. Ping confirmed that he had received discovery requests from Mr. Duan but had not yet provided any responses. [*Id.* at 1.] The Court allowed Defendants additional time to respond to the outstanding discovery requests in light of Mr. Ping's representations and ordered such responses to be served within 30 days of that conference. [*Id.* at 1-2.]

All Defendants failed to appear at a follow-up Telephonic Status Conference on August 10, 2023. [Dkt. 39.] Mr. Duan's counsel represented during that conference that Defendants had still not served the discovery responses they were expressly ordered to serve at the prior conference. [*Id.*] The Court therefore found that Defendants' discovery responses were untimely and that Defendants had failed to comply with the Court's prior order. [*Id.*] The Court ordered Defendants

---

[1] Defendants filed a document styled as a "Motion for Assistance with Recruiting Counsel" in May 2023. [Dkt. 36.] The Court denied that motion, explaining in its Order that "civil defendants are not entitled counsel." [Dkt. 37 (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)).] The Court has also made clear to Defendants in multiple entries "that a corporate entity must be represented by counsel." [Dkts. 37 and 38 (citing *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985)).]

to show cause, in writing, by August 24, 2023, "why they should not be sanctioned for their failure to appear at the Status Conference and their failure to comply with the Court's prior order regarding discovery," expressly warning Defendants that their "[f]ailure to respond and adequately show cause could result in sanctions, including, but not limited to, a recommendation by the [Magistrate Judge] that the District Judge issue a default judgment against the Defendants." [*Id.*] Defendants failed to respond to the Order to Show Cause.

On February 6, 2024, Mr. Ping and Min Xiu Dong appeared for a Telephonic Status Conference during which Mr. Duan's counsel again represented that Defendants had still not provided the requested discovery. [Dkt. 47.] The Court encouraged the Parties to discuss possible settlement terms and scheduled a follow-up Telephonic Status Conference for April 14, 2024. [*Id.*] Defendants failed to appear for the April 14, 2024 conference, and Mr. Duan's counsel reported that Defendants had still not served the requested discovery as of the date of that conference. [Dkt. 51.] The Court therefore issued another Order to Show Cause for Defendants' failure to appear. [*Id.*] Defendants failed to respond to that Order to Show Cause as well.

Mr. Duan filed the present Motion to Compel on April 10, 2024. [Dkt. 50.] Defendants did not respond to Mr. Duan's motion. Nevertheless, Mr. Duan filed a reply brief in which he reiterates that his Motion to Compel should be granted and requests that the Court impose sanctions on Defendants. [Dkt. 53.] The motion is now ripe for the Court's review.

## II. APPLICABLE STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure

26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." The scope of relevance for discovery purposes is broader than the scope of relevancy used for trial evidence. *West v. Wilco Life Ins. Co.*, 2023 WL 2917059, at *4 (S.D. Ind. Apr. 12, 2023) (citation omitted). Once relevancy has been established, "the burden shifts to the objecting party to show why a particular discovery request is improper." *Id.* at *3 (citing *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018)).

The Court's resolution of discovery disputes is guided by proportionality principles. Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Todd*, 2020 WL 1328640, at *4. The Court has wide discretion in balancing these factors and deciding the appropriate scope of proportional discovery. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating and Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 837 (7th Cir. 2014) (emphasizing that "a district court has broad discretion over pretrial discovery rulings").

### III. DISCUSSION

Mr. Duan claims that Defendants have "blatantly failed to engage in any sort of discovery," which has resulted in this case coming to a standstill. [Dkt. 50 at 1.] Mr. Duan also argues that Defendants have failed to provide "a list . . . containing the names . . . last known addresses . . .

4

personal email addresses . . . and social media handles . . . of each current and former non-exempt and non-managerial employee employed by them at any time from December 5, 2019, to the present" as ordered by the Court on February 28, 2024 (the "Collective Names List").[2]  [Dkt. 48.]  According to Mr. Duan, his discovery requests, which seek information pertaining to Defendants' time and payment records, are well within the scope of discovery in this case.  [Dkt. 50 at 3.]  Mr. Duan claims that Defendants have provided only a single picture of the restaurant's store hours, and he argues that the restaurant's hours of operation do not reflect the hours employees were required to work both before and after the restaurant was open to the public.  [*Id.*]  Along with this single picture of store hours, Defendants wrote to Mr. Duan's counsel that "all other information like Mr. Duan's W-2 [were] already given [to] plaintiff's attorney."  [Dkt. 50-8.]  Mr. Duan asserts that his counsel has checked for any additional productions of documents by Defendants and has not found any such documents.  [Dkt. 50 at 3.]

      Defendants did not respond to Mr. Duan's Motion to Compel.  Mr. Duan nevertheless filed a reply brief in support of his Motion to Compel, in which he argues that Defendants should be sanctioned under Federal Rule of Civil Procedure 16(f) for their failure to adhere to Court deadlines.  [Dkt. 53 at 2.]  Specifically, Mr. Duan argues that the Court should impose Rule 16(f) sanctions "in the form of entering an order of default against them."  [*Id.*]  If the Court does not believe that Rule 16(f) sanctions are appropriate, Mr. Duan alternatively requests that the Court

---

[2] The Court granted in part and denied in part Mr. Duan's Motion for Conditional Collective Certification on August 21, 2023.  [Dkt. 41.]  In doing so, the Court ordered Mr. Duan "to file a single proposal regarding notice procedures" to "potential members of the class action." [*Id.* at 6.] "To facilitate the expedient dissemination of the notice contemplated by the FLSA," Mr. Duan requested that Defendants furnish the names and contact information of former and current employees from Defendants.  [Dkt. 42.]  In response to Mr. Duan's request, the Court ordered Defendants to produce such information in a single Microsoft Office Excel spreadsheet by April 9, 2024.  [Dkt. 48.]

5

grant his Motion to Compel and order Defendants to produce their discovery responses and the Collective Names List.  [*Id.* at 4.]

As an initial matter, the Court construes Defendants' failure to respond to Mr. Duan's Motion to Compel as an acknowledgement of the correctness of the arguments raised therein.  *See Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

The Court agrees that the requested documents and information are well within the scope of discovery in this case, and Mr. Duan's unopposed briefs confirm that Defendants have failed to sufficiently respond.  Accordingly, the Court **GRANTS** Mr. Duan's Motion to Compel.  As noted in the Court's summary of this case's history, Defendants have repeatedly failed to engage in this case and have not provided Mr. Duan with discovery responses as they are required to under Federal Rule of Civil Procedure 26 or the Collective Names List as previously ordered by the Court.  Despite their track record of non-compliance, Defendants have **one final opportunity** to produce the documents and information at issue.  Defendants are **ORDERED** to produce responsive documents and information to Mr. Duan's outstanding discovery requests and provide a Collective Names List **by July 31, 2024.**  Defendants must do so by directly sending the information to Plaintiff's counsel **and then filing** a Notice with the Court **on the docket** stating that they have done so.

Mr. Duan is **ORDERED** to file a Notice **by August 5, 2024**, indicating whether each Defendant has complied with this Order. The Notice must specifically state the compliance or non-compliance of each Defendant separately. Mr. Duan may also file a separate motion seeking sanctions by **August 14, 2024**. In that motion, he may potentially request sanctions under Rule 37(b)(2)(A) for Defendants' failure to comply with this Order or any prior discovery Orders, as well as additional sanctions, including sanctions under Rule 16(f) and expenses under Rule 37(a)(5)(A), based on Defendants' other failures to attend conferences and hearings, respond to discovery requests, or otherwise engage in this litigation. If Mr. Duan files that motion, any response by any Defendant must be filed by **August 30, 2024**. Any reply by Mr. Duan must be filed by **September 16, 2024. It is not anticipated that these deadlines will be extended.**

This matter is set for an **in-person hearing on Monday, September 30, 2024, at 1:30 p.m. (Eastern)**, before Magistrate Judge Kellie M. Barr in **Room 257** of the **United States Courthouse for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, Indiana 46204. All persons entering the United States Courthouse must have photo identification.** At the hearing, the Court will discuss appropriate sanctions for Defendants' repeated failures in this case. Defendants will have the opportunity to explain why their repeated failures, as outlined above, should not result in sanctions **up to and including an entry of default judgment against Defendants**. Additionally, should Plaintiff file a separate motion seeking sanctions by August 14, 2024, that motion and any response thereto will also be addressed.

## IV.  CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Mr. Duan's Motion to Compel. [Dkt. 50.] Defendants are **ORDERED** to produce responsive documents and information to Mr. Duan's outstanding discovery requests and provide a Collective Names List **by July 31, 2024.** Defendants

must do so by directly sending the information to Plaintiff's counsel and then also filing a Notice with the Court on the docket stating that they have done so.

Mr. Duan is **ORDERED** to file a Notice **by August 5, 2024**, indicating whether each Defendant has complied with this Order. The Notice must specifically state the compliance or non-compliance of each Defendant separately. Mr. Duan may also file a separate motion seeking sanctions by **August 14, 2024**. In that motion, he may potentially request sanctions under Rule 37(b)(2)(A) for Defendants' failure to comply with this Order or any prior discovery Orders, as well as additional sanctions, including sanctions under Rule 16(f) and expenses under Rule 37(a)(5)(A), based on Defendants' other failures to attend conferences and hearings, respond to discovery requests, or otherwise engage in this litigation. If Mr. Duan files that motion, any response by any Defendant must be filed by **August 30, 2024**. Any reply by Mr. Duan must be filed by **September 16, 2024. It is not anticipated that these deadlines will be extended.**

This matter is set for an **in-person hearing on Monday, September 30, 2024, at 1:30 p.m. (Eastern)**, before Magistrate Judge Kellie M. Barr in **Room 257** of the **United States Courthouse for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, Indiana 46204. All persons entering the United States Courthouse must have photo identification.** At the hearing, the Court will discuss appropriate sanctions for Defendants' repeated failures in this case. Defendants will have the opportunity to explain why their repeated failures, as outlined above, should not result in sanctions **up to and including an entry of default judgment against Defendants**. Additionally, should Plaintiff file a separate motion seeking sanctions by August 14, 2024, that motion and any response thereto will also be addressed.

**SO ORDERED.**

Date: 7/12/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MX PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET
5998 Hollythorn Place
Carmel, IN 46033

SIU WONG PING a/ka/ SIUWONG PING a/k/a PETER PAN
5998 Hollythorn Place
Carmel, IN 46033

MIN XIU DONG a/k/a MINXIU DONG
5998 Hollythorn Place
Carmel, IN 46033