UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KUN DUAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02333-RLY-KMB |
| | ) |
| MX PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET, SIU WONG PING a/ka/ SIUWONG PING a/k/a PETER PAN, MIN XIU DONG a/k/a MINXIU DONG, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL AND MOTION TO PROCEED *IN FORMA PAUPERIS*

*Pro Se* Defendants Siu Wong Ping and Min Xiu Dong have filed a Motion for Assistance Recruiting Counsel and a Motion to Proceed *In Forma Pauperis*.[1] [Dkts. 66; 67.] As explained in more detail below, these motions are **DENIED** because Mr. Ping and Ms. Dong are not indigent. Given the history of this case and the Defendants' persistent failures to meet certain discovery obligations, [*see, e.g.*, dkt. 54], the Court **STRONGLY ENCOURAGES** Mr. Ping and Ms. Dong to hire an attorney to represent them as soon as possible.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." *See also Mallard v. U.S. District Court*, 490 U.S. 296, 300 (1989). As a practical

---

[1] Ms. Dong signed both motions and filed them in open court. Mr. Ping was unable to sign either motion because of his current medical condition. Given the unique circumstances of this case and the nature of the request for counsel, the Court will overlook this technical deficiency and move directly to the merits of the pending motions.

matter, however, there are not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"When confronted with a request under 28 U.S.C. § 1915(e)(1) for *pro bono* counsel, the district court is to make the following inquiries: (1) has the indigent [litigant] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [litigant] appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

In this case, the Court need not engage in the two-step analysis for *pro bono* counsel motions that the Seventh Circuit Court of Appeals set forth in *Pruitt* and *Eagan* because it is apparent from the pending motions that Mr. Ping and Ms. Dong are not indigent. Mr. Ping and Ms. Dong have a monthly household income of approximately $5,500. [Dkt. 67 at 2.] Their monthly expenses are approximately $4,790. [*Id.* at 5.] They own a restaurant. [*Id.* at 2, 3, 5.] They own a $500,000 home in Carmel, Indiana and have a second real property valued at approximately $150,000. [*Id.* at 4.] They own two motor vehicles—a 2008 sedan and a 2020

2

truck. [*Id.*] Ms. Dong currently has approximately $5,500 in a bank account.[2] [*Id.* at 3.] Mr. Ping has recently incurred medical bills, but the motions do not state the amount of medical bills owed, whether those bills are subject to negotiated health insurance rates, or whether there is a payment plan. Without more, the record does not support a finding that Mr. Ping's medical bills have driven him or Ms. Dong into so much debt that they are now indigent for purposes of the pending motions.

The Court does not make this decision lightly. Mr. Ping, Ms. Dong, and this case would likely benefit from the recruitment of counsel for a variety of reasons. But the Court can only request that an attorney represent any person under 28 U.S.C. § 1915(e)(1) if the person is "unable to afford counsel," and the Court cannot make that determination here based on the information provided in the pending motions. Put another way, the Court cannot justify requesting the services of *pro bono* counsel for litigants who have the means to hire their own attorney, particularly given the high volume of *pro se* litigation in this District and the small but dedicated group of attorneys who volunteer to provide free legal services. "At bottom, courts must be careful stewards of the limited resource of volunteer lawyers—particularly in districts where the demand for *pro bono* services far outpaces the supply of law firms or solo practitioners with the resources to deploy aid." *Watts*, 42 F. 4th at 764 (cleaned up).

For these reasons, the Court **DENIES** Mr. Ping and Ms. Dong's Motion for Assistance Recruiting Counsel and a Motion to Proceed *In Forma Pauperis*. [Dkts. 66; 67.] The Court **STRONGLY ENCOURAGES** Mr. Ping and Ms. Dong to hire an attorney to represent them as soon as possible because this case will continue to proceed on the merits. The Court directs

---

[2] It is unclear whether Mr. Ping has additional funds in a bank account. In the Motion to Proceed *In Forma Pauperis*, Ms. Dong states that "she is not aware of Mr. Ping's bank situation." [Dkt. 67 at 3.] Because the Court finds that Mr. Ping and Ms. Dong are not indigent based on their declared incomes and assets, the Court need not determine whether Mr. Ping has additional funds in a separate bank account.

Mr. Ping and Ms. Dong to the Indiana Supreme Court's website, which helps individuals find attorneys: https://www.in.gov/courts/selfservice/legal-help/. Mr. Ping and Ms. Dong may also contact their former attorney, Dylan Vigh, and ask him whether he would be willing to represent them again in this lawsuit or refer them to an attorney who may be willing to represent them. [*See* dkt. 10 (Notice of Appearance); dkt. 33 (Order Granting Motion to Withdraw).] The **CLERK SHALL** email a courtesy copy of this Order to Mr. Vigh at the email address set forth in the distribution list below.

      **SO ORDERED**.

Date: 12/4/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MX PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET
5998 Hollythorn Place
Carmel, IN 46033

SIU WONG PING a/ka/ SIUWONG PING a/k/a PETER PAN
5998 Hollythorn Place
Carmel, IN 46033

MIN XIU DONG a/k/a MINXIU DONG
5998 Hollythorn Place
Carmel, IN 46033

**Courtesy Copy via email to:**

Dylan A. Vigh
LAW OFFICES OF DYLAN A. VIGH, LLC
dvigh@vighlaw.com