UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KUN DUAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02333-RLY-KMB |
| ) | |
| MX PAN INCORPORATED d/b/a FORMOSA ) | |
| SEAFOOD BUFFET, ) | |
| SIU WONG PING a/ka/ SIUWONG PING a/k/a ) | |
| PETER PAN, ) | |
| MIN XIU DONG a/k/a MINXIU DONG, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Throughout this lawsuit, *pro se* Defendants Siu Wong Ping and Min Xiu Dong have repeatedly failed to comply with discovery orders and attend pretrial conferences. Defendant, MX Pan Incorporated ("MX Pan"), has been unrepresented since defense counsel withdrew his appearance in May 2023 and has completely failed to participate in this lawsuit since that time.

Presently before the Court is Plaintiff Kun Duan's Motion for Default Judgment, which seeks default judgment against all three Defendants as a sanction for their failure to comply with the Court's discovery orders and their failure to attend pretrial conferences. [Dkt. 56.] The Court held two in-person hearings on the pending motion—the first on September 30, 2024, and the second on November 20, 2024. The Plaintiff appeared at both hearings by counsel, Defendants Ping and Dong appeared at both hearings in person, and Defendant MX Pan did not appear at either hearing. Since this motion seeks a dispositive ruling and the undersigned recommends granting it in part, the undersigned issues this decision as a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Having considered the motion, the evidence presented, the relevant legal authority, and the history of this case, the Magistrate Judge now recommends that the District Judge **GRANT IN PART** Plaintiff's motion, such that the Motion for Default Judgment be **GRANTED** as to Defendant MX Pan and **DENIED WITHOUT PREJUDICE** as to Defendant Ping and Defendant Dong. The undersigned does recommend that certain financial sanctions be imposed as to Defendant Dong, as set forth more fully herein.

With regard to Defendant Ping, the undersigned recommends that additional proceedings be set by separate order to review his legal competency to defend this lawsuit *pro se* in light of his recent stroke. The undersigned further recommends that all proceedings against Defendant Ping be stayed until he is ruled competent or until a guardian ad litem is appointed as his legal representative.

As the Court has previously stated, both Defendant Dong and Defendant Ping would likely benefit from the representation in this lawsuit by a licensed attorney, and the undersigned again strongly encourages them to hire a licensed attorney as soon as possible.

### I. BACKGROUND

The Plaintiff is suing Defendants under the Fair Labor Standards Act and Indiana's Wage Payment Statute. [Dkt. 1.] He alleges he and other employees were denied regular and overtime pay and wage statements while working for the Defendants. [*Id.* at ¶¶ 65, 70, 74, 81, 85.] The Complaint alleges Defendant Ping was the "owner, manager, registered agent, and secretary" of MX Pan, which did business as Formosa Seafood Buffet, and that Defendant Dong was "another day-to-day manager" of the restaurant. [*Id.* at ¶¶ 9, 12, 25.] He brings his federal claims as a putative collective action and his state claims as a putative class action. [*Id.* at ¶¶ 43-62.]

The lawsuit proceeded normally for the first six months, and all Parties were represented by counsel. [Dkts. 5; 6; 10.] The Court held an Initial Pretrial Conference and approved the Parties' Joint Case Management Plan, and the Parties exchanged initial disclosures and filed preliminary witness and exhibit lists. [Dkts. 16; 17; 21-24.]

The Defendants' participation in the lawsuit became less consistent when their attorney withdrew his appearance on May 1, 2023. [Dkt. 33.] Defendant MX Pan has remained unrepresented to this day and has completely failed to participate in the lawsuit since that time.[1] Defendant Ping and Defendant Dong, proceeding *pro se*, have failed to participate at times but have not abandoned the lawsuit entirely. They failed to appear for Telephonic Status Conferences on May 2, 2023, August 10, 2023, and April 12, 2024, despite having notice of those conferences, and failed to respond to the resulting Orders to Show Cause. [Dkts. 35; 39; 51.] However, Defendant Ping did appear for a Telephonic Status Conference on June 21, 2023, and both Defendant Ping and Defendant Dong appeared for a Telephonic Show Cause Hearing on February 6, 2024. [Dkts. 38; 47.] As detailed more fully below, both Defendant Ping and Defendant Dong appeared at two in-person hearings related to the Plaintiff's pending Motion for Default.

The Defendants have also failed to obey discovery orders. In February 2024, the Court ordered them to provide the Plaintiff with a list of names, last known addresses, personal email addresses, and social media handles of each current and former non-exempt and non-managerial employee ("Collective Names List") no later than April 9, 2024. [Dkt. 48.] After that deadline

---

[1] Unlike an individual, a business or entity like MX Pan cannot represent itself in federal court and must appear by counsel. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se.") (collecting cases). The Court first informed MX Pan that it may not proceed *pro se* and must instead retain the services of a licensed attorney when it granted defense counsel's Motion to Withdraw on May 1, 2023, and it has repeated this admonition in multiple Orders since that time. [Dkts. 33; 37; 38; 54.]

3

passed, the Plaintiff filed a Motion to Compel, stating that the Defendants had not provided the Collective Names List as previously ordered and also had not provided sufficient responses to their requests for production and interrogatories. [Dkts. 50 (motion); 50-1 (email with discovery requests attached); 50-2 (interrogatories).] Instead of providing complete responses to these discovery requests, Defendant Ping and Defendant Dong provided a picture of their restaurant's store hours and a statement indicating the number of hours the Plaintiff worked per week. [Dkts. 50-8; 50-9.] In an email to the Plaintiff's attorney, they claimed that they provided the Plaintiff with his W-2 and work schedule, but the Plaintiff argues that he has received no such documentation. [Dkts. 50 at 3; 50-9.]

On July 12, 2024, the Court issued an Order Granting the Plaintiff's Motion to Compel and set an In-Person Show Cause Hearing. [Dkt. 54.] That Order detailed the Defendants' failures to participate in this lawsuit. [*Id.*] It also ordered them "to produce responsive documents and information to Mr. Duan's outstanding discovery requests and provide a Collective Names List by July 31, 2024." [*Id.* at 6.] The Plaintiff was given a deadline to file a motion for sanctions in the event that the Defendants failed to comply with that Order. [*Id.*] Finally, the Court set an In-Person Show Cause Hearing for September 30, 2024. [*Id.* at 7.] The Court stated that the Show Cause Hearing would provide the Defendants with an opportunity "to explain why their repeated failures" to participate in this lawsuit "should not result in sanctions **up to and including an entry of default judgment**." [*Id.* (emphasis in original).]

The Plaintiff filed the instant Motion for Default Judgment in August 2024. [Dkt. 56.] In that motion, he argues that the Defendants have willfully and in bad faith failed to participate in this lawsuit and thereby prejudiced his ability to marshal evidence to bring this case to trial. [Dkt. 58 at 8-10.] He specifically requests default judgment under Federal Rule of Civil Procedure

4

16(f) for failure to attend pretrial conferences, Federal Rule of Civil Procedure 37(b) for failure to comply with discovery orders, and Federal Rule of Civil Procedure 41(b) for failure to prosecute. [*Id.* at 7-11.] The Defendants did not file a response opposing this motion.

The Court held an In-Person Show Cause Hearing on the record on September 30, 2024. [Dkt. 62.] Defendant Ping and Defendant Dong appeared in person, and the Plaintiff appeared by counsel. [*Id.* at 1.] Defendant MX Pan did not appear. [*Id.*] Defendant Ping and Defendant Dong also brought a personal acquaintance, Chris Yang, to serve as an interpreter because they are not native English speakers. [*Id.*] During the hearing, the Plaintiff outlined the Defendants' failures to participate in this case and explained how those failures have hindered case progress. [*Id.* at 2.] Defendant Ping and Defendant Dong responded at times with purported explanations for why they were unable to comply with certain orders. [*Id.*] For example, they argued that they had tried to attend unspecified Telephonic Status Conferences without success, and that they did not possess certain information they had been ordered to produce, such as a list of names and contact information of all current and former employees during the time relevant to this lawsuit. [*Id.*] Over one hour into the hearing, Defendant Ping appeared ill, and the Court took a recess to give him some time to collect himself. [*Id.*] Unfortunately, his condition worsened during the recess, and he was transported by medics to a local hospital. [*Id.*] Defendant Dong, who is Defendant Ping's wife, was allowed to leave the hearing to accompany him to the hospital, and the hearing was adjourned to be continued another day. [*Id.*]

The Court reconvened the In-Person Show Cause Hearing on the record on November 20, 2024. [Dkt. 68.] Defendant Ping and Defendant Dong appeared in person, and the Plaintiff appeared by counsel. [*Id.* at 1.] Defendant MX Pan did not appear. [*Id.*] During the hearing, Defendant Ping and Defendant Dong were accompanied by their daughter, who speaks English

and represented to the Court that her father had previously experienced a stroke and was not able to speak coherently. [*Id.*] The Court asked the Defendants whether they would like to submit motions for assistance recruiting counsel, and they answered yes. [*Id.* at 2.] They completed and filed a Motion for Assistance Recruiting Counsel form and a Motion to Proceed *In Forma Pauperis* form during a recess. [*Id.*] The Court took those motions and the Plaintiff's Motion for Default Judgment under advisement and concluded the hearing. [*Id.*]

The Court ultimately denied the Motion for Assistance Recruiting Counsel and the Motion to Proceed *In Forma Pauperis*. [Dkt. 70.] After reviewing the Defendants' statements about their average monthly incomes and expenses, bank accounts, vehicles, and real estate, the Court found that they are not indigent, and thus the Court could not appoint them counsel under 28 U.S.C. § 1915(e)(1). [*Id.*] The Court strongly encouraged Defendant Ping and Defendant Dong to hire an attorney as soon as possible. [*Id.*] For purposes of the present issue now before Court, the undersigned notes that the Motion for Assistance Recruiting Counsel states that Defendant Ping and Defendant Dong ended their formal educations in middle school, that they speak only Mandarin and are unable to speak English, and that Defendant Ping is currently suffering from verbal deficits and memory loss due to his recent stroke. [Dkt. 66.]

In an Order on December 4, 2024, the Court stated that an additional hearing on the Motion for Default Judgment was not necessary but stated that any Party may "file a supplemental brief on the Court's docket" as they deem appropriate. [Dkt. 71.] In response to the Order, the Plaintiff filed a supplemental brief, [dkt. 73], an attorney affidavit, [dkt. 72], an email from Chris Yang dated April 20, 2024, [dkt. 72-1], three documents from ProPublica purporting to show MX Pan's Paycheck Protection Program loan history, [dkts. 72-2 to 4], and MX Pan's Certification of Incorporation with the Indiana Secretary of State, [dkt. 72-5]. Mr. Yang's email is directed to the

Plaintiff's attorney in response to the request for a Collective Names List.  The email, which was sent months before the Court ruled on the Plaintiff's Motion to Compel, [dkt. 54], states, "We closed the restaurant more than two years ago; it almost [*sic*] impossible for us to track former employees; here is the list you may contact."  [Dkt. 72-1 at 2.]  The email then provided the names and mailing addresses of four former employees.  [*Id.*]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to sanction a party that "fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a)."  Possible sanctions include, at the extreme end, an order of "default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(A)(vi).  An order of default judgment under Rule 37(b)(2)(A) requires a "clear record of delay or contumacious conduct" or a finding of "willfulness, bad faith or fault on the part of the defaulting party."  *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011).  In assessing the appropriateness of default judgment as a discovery sanction, courts consider the disobedient party's conduct during discovery as a whole and whether less drastic sanctions would prove unavailing.  *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014); *see also Ramirez v. T&H Lemont, Incorporated*, 845 F.3d 772, 779-80 (7th Cir. 2016) (discussing requirements for issuing sanctions of dismissal against a plaintiff or default judgment against a defendant under identical standards).  Ultimately, the court's sanctions under Rule 37(b)(2)(A) must be proportional to the disobedient party's conduct.  *Nelson v. Schlutz*, 878 F.3d 236, 238-39 (7th Cir. 2017).

Federal Rule of Civil Procedure 16(f)(1)(A) allows a district court to impose any of the sanctions set forth in Rule 37(b)(2)(A)(ii) to (vii) against a party who "fails to appear at a scheduling conference or other pretrial conference."  Similar to the standard for default judgment

7

under Rule 37(b)(2)(A), a sanction of default judgment under Rule 16(f)(1) requires a finding that "the offending party has demonstrated willfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). A district court's decision to issue sanctions under either Rule 37(b)(2)(A) or Rule 16(f)(1) is reviewed for an abuse of discretion. *Id.* at 985-86.

### III. DISCUSSION

The Plaintiff argues that the Defendants' repeated failures to participate in discovery have prejudiced his ability to prosecute this case and should result in the Court striking their Answer and issuing default judgment under Rule 37(b)(2)(A). [Dkt. 58 at 3-6.] He emphasizes that the Court has previously warned the Defendants that failure to comply with the Order Granting the Motion to Compel could result in sanctions up to and including default judgment and that the record supports a finding that they have demonstrated willfulness, bad faith, and fault. [*Id.* at 5-6.] He also asks for default judgment under Rule 16(f) for the Defendants' repeated failure to attend pretrial conferences.[2]

In his Supplemental Brief, the Plaintiff addresses arguments that Defendant Ping and Defendant Dong made at the evidentiary hearing indicating that the business records they have been ordered to produce may no longer be in their possession now that the restaurant has closed. He specifically argues that the Defendants possessed these records when this lawsuit began and that all Defendants had a duty to preserve them even though the restaurant has closed. He also

---

[2] Curiously, the Plaintiff also asks for default judgment against the Defendants under Federal Rule of Civil Procedure 41(b). That rule provides, however, that "[i]f the *plaintiff* fails to prosecute or to comply with these rules or a court order, a *defendant* may move to *dismiss the action* or any claim against it." Fed. R. 41(b) (emphases added). Rule 41(b) does not authorize the Court to issue default judgment or other sanctions against a defendant. Thus, Rule 41(b) does not provide a basis for the Court to issue default judgment or other sanctions against the Defendants in this lawsuit.

asks the Court to consider the following alternative lesser sanctions if it determines that default judgment is not appropriate:

> (1) that a reasonable sanction to be determined by the court be imposed against Defendants for each day of non-compliance based on failure to provide interrogatories and document production responses, and supplementing the document production, (2) that an adverse inference be imposed, and (3) for Defendants to pay for newspaper publication of the notice of pendency at their cost such that the purpose of the dissemination period may be realized. This will allow the case which has been brought to a halt by Defendants, to proceed to its completion.

[Dkt. 73 at 11.] The Plaintiff does not identify any specific adverse inferences that the Court should impose as a result of the Defendants' failure to obey discovery orders.

The Defendants neither filed a response brief in opposition to the Plaintiff's Motion for Default nor did they file a supplemental brief following the evidentiary hearing, and the time to do so has passed. Thus, in making this recommendation, the undersigned has primarily considered arguments Defendant Ping and Defendant Dong made at the first hearing. Because Defendant MX Pan did not appear, no response is being considered on its behalf.

### A. MX Pan

The Court will begin by addressing the appropriate and proportional sanctions against Defendant MX Pan. MX Pan has completely abandoned this lawsuit for nearly twenty-one months. It has failed to attend four Telephonic Status Conferences, a Telephonic Show Cause Hearing, and two In-Person Show Cause Hearings. [Dkts. 35; 38; 39; 47; 62; 68.] It has failed to comply with the Court's Order Granting the Plaintiff's Motion to Compel. [Dkt. 54.] The Court previously warned MX Pan that its continued failure to participate in this lawsuit could result in default judgment, [*id.* at 7], and it has repeatedly told MX Pan that it may not proceed in this lawsuit except by the appearance of a licensed attorney, [dkts. 33; 37; 38; 54]. Unfortunately, these and all other admonishments from the Court have not caused MX Pan to change course, and the

9

Court concludes that MX Pan's clear record of delay or contumacious conduct demonstrates that it has no intention of retaining counsel, participating in discovery, or appearing at future proceedings. Given MX Pan's complete failure to participate in this lawsuit and its failure to comply with the Court's Order to Show Cause, the undersigned finds that MX Pan's disobedience has been willful, that lesser sanctions would be of no avail, and that default judgment is a proportional sanction. *See Burress v. Mr. G&G Trucking, LLC*, 2020 WL 4381947 (W.D. Wis. July 31, 2020) (ordering default judgment against defendants who disobeyed a court order compelling them to answer interrogatories and requests for production and who ceased communicating with their attorneys during the pendency of the suit). Accordingly, the undersigned recommends that the District Judge enter default judgment against Defendant MX Pan.

### B. Defendant Dong

Turning to Defendant Dong, the Court finds that she has engaged in a longstanding pattern of disobedience by failing to comply with the Court's discovery orders, [dkts. 48; 54], and by failing to attend multiple pretrial conferences over the past twenty-one months since counsel withdrew his appearance on her behalf. [*See* dkts. 33; 35; 38; 39; 46; 54.] However, unlike Defendant MX Pan, she has not completely abandoned this lawsuit. She attended all three show cause hearings and has provided some responses to the Plaintiff's discovery requests. [Dkts. 47; 62; 68; 72-1.] The Court is also mindful of her limited ability to speak and understand English and her limited formal education. Given these circumstances, the Court finds that limited sanctions are appropriate but that the extreme sanction of default judgment should be denied without prejudice as to Defendant Dong.

In recommending a proportional sanction, the undersigned considers the willfulness of Ms. Dong's conduct, the actual prejudice to the Plaintiff caused by her disobedience, and whether

any adverse inferences are appropriate. Importantly, the Plaintiff does not identify any specific adverse inferences or other merits sanctions that the Court should enter against Defendant Dong short of default judgment, and the Court will not develop any such arguments on his behalf. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel."). Accordingly, the undersigned does not recommend any adverse inferences or other merits sanctions and will instead consider whether the record of Ms. Dong's disobedience supports a proportional financial penalty.

Many of the interrogatories served on Ms. Dong seek information about MX Pan's corporate structure, revenue, payroll, and bank accounts. [*See* dkt. 50-2 (Interrogatories 3-7, 9-19, 21-25).] While Defendant Dong should have answered these questions to the best of her ability in response to the Plaintiff's interrogatories, the same questions could potentially be asked at depositions of Defendant Ping, Defendant Dong, and/or Mr. Yang, who appears to be a longstanding acquaintance and business associate of the Defendants. If the Plaintiff conducts witness depositions and does not receive adequate responses, additional sanctions may be available at that time. *See* Fed. R. Civ. P. 37(b)(1). One interrogatory asks Ms. Dong to identify individuals who assisted her in answering the interrogatories or who have knowledge about the allegations in this lawsuit. [*See* dkt. 50-2 (Interrogatory 1).] It is clear from the record that Mr. Yang assisted Ms. Dong with her discovery responses and knows about the operations of the restaurant where she was a day-to-day manager, which is now closed. [*See*, *e.g.*, dkt. 72-1.] Thus, despite Defendant Dong's failure to provide a written response to this interrogatory, the Plaintiff has received an answer, albeit belatedly and indirectly. Another interrogatory asks Defendant Dong to identify her expert witnesses. [*See id.* (Interrogatory 20).] Given the circumstances described above, it is

highly unlikely that she has retained any expert witnesses, and the Court discerns no prejudice from her failure to respond, aside from the delay of these proceedings. Finally, one interrogatory asks Ms. Dong to identify former employees. [*See id.* (Interrogatory 8).] She has partially complied with this request by providing the names and addresses of four former employees, and she states that she does not have information regarding any other former employees. [Dkt. 72-1.]

The Plaintiff also served Ms. Dong with 90 requests for production. [Dkt. 50-3.] These requests seek various business documents that the Defendants indicated they may no longer possess. To be clear, Ms. Dong was ordered to respond to these requests for production, and her failure to do so is unacceptable. However, to the extent that certain documents subject to the requests for production were not retained after the restaurant closed, the record does not support a finding that Ms. Dong was personally responsible for this failure or that she was personally involved in the possible spoliation of those documents. *See Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (an adverse inference instruction as a sanction for spoliation is only appropriate where a litigant violates a duty to preserve evidence in a bad faith effort to hide adverse information). Further, the Complaint alleges that Ms. Dong was a "day-to-day manager" of the restaurant but does not allege that she was the restaurant owner, and it is not clear that she had any actual authority to retain the documents that were subject to the Plaintiff's requests for production after the restaurant closed or that she currently has access to those documents. [Dkt. 1 at ¶ 25.]

Given these circumstances, the undersigned finds that the prejudice to the Plaintiff as a result of Defendant Dong's failure to obey the Court's discovery orders and attend pretrial conferences has been the delay of these proceedings and the expense of litigating the present motion. Accordingly, the undersigned recommends that Defendant Dong be ordered to compensate the Plaintiff for his reasonable attorney fees and costs caused by her failure to comply

with the Court's Order Granting the Motion to Compel at dkt. 54. *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the [sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). While the undersigned does not recommend any additional sanctions against Defendant Dong at this time, further disobedience of court orders could result in additional sanctions.

The Court concludes this section with a word of caution to Defendant Dong. While the Court is sympathetic to the difficult situation presented by this lawsuit and her husband's current medical condition, it warns her that she cannot simply fail to obey Court Orders. **If she continues to disobey the Court's Orders moving forward, she may be subject to additional financial penalties and merits sanctions, up to and including default judgment**. For this reason, as it has previously, [dkt. 70], the Court again **strongly encourages** her to hire an attorney to represent her in this lawsuit as soon as possible.

### C. Defendant Ping

The undersigned has significant reservations about recommending default judgment or other sanctions against Defendant Ping at this time in light of his recent stroke, his appearance at the evidentiary hearing on November 20, 2024, the representation of his daughter that he is currently unable to speak, and the representation in the Motion for Assistance Recruiting Counsel that he is currently experiencing deficits in language and memory. [Dkts. 66; 68.] Given these circumstances, it is unclear whether Defendant Ping currently has the legal competency to defend this suit *pro se* without an appointed representative.

13

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The Seventh Circuit Court of Appeals has described legal competency as a "threshold issue" that must be resolved before adjudicating other aspects of the lawsuit. *See Yoder v. Patla*, 2000 WL 1225476, *2 (7th Cir. 2000) (addressing competency before venue issue) (citing *T.W. and M.S. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997)). Courts must assess a litigant's competency when a party moves for the appointment of a guardian ad litem or when there is verifiable evidence of incompetency. *See U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (report from the Social Security Administration that defendant in a lawsuit was mentally disabled required the court to assess his competency *sua sponte*); *Yoder*, 2000 WL 1225476, at *2 (motion claiming that an Illinois county had declared the plaintiff legally disabled "should have apprised the district court of [his condition]" and triggered competency proceedings).

Because it is unclear whether Defendant Ping has the legal competency to defend this suit without a representative, the undersigned recommends that the Motion for Default Judgment as to him be denied without prejudice and that no alternative sanctions be issued against him at this time. The undersigned also recommends that additional proceedings be set by separate order upon adoption of this Report and Recommendation or other resolution of Plaintiff's pending motion, such that Defendant Ping's competency to continue representing himself in this litigation can be assessed. Finally, the undersigned recommends that all other proceedings against Defendant Ping be stayed until he is found to be competent or until the Court appoints a guardian ad litem.

As it has done before, [dkt. 70], the Court again strongly encourages that a licensed attorney be hired to represent Mr. Ping in this lawsuit. The Court has grave concerns that he will be able

to continue representing himself without the assistance of a licensed attorney, particularly in light of his recent medical condition, regardless of whether or not his medical condition is so severe as to render him incompetent.

## IV.  CONCLUSION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the District Judge **GRANT IN PART** the Plaintiff's Motion for Default Judgment, such that the Motion for Default Judgment be **GRANTED** as to Defendant MX Pan and **DENIED WITHOUT PREJUDICE** as to Defendant Ping and Defendant Dong. [Dkt. 56.]  The undersigned also **RECOMMENDS** that Defendant Dong be ordered to compensate the Plaintiff for his reasonable attorney fees and costs caused by her failure to comply with the Court's Order Granting the Motion to Compel.

With regard to Defendant Ping, the undersigned **RECOMMENDS** that additional proceedings be set by separate order to review Defendant Ping's legal competency to defend this lawsuit *pro se* in light of his recent stroke.  The undersigned further **RECOMMENDS** that all proceedings against Defendant Ping be stayed until he is ruled competent or until a guardian ad litem is appointed as his legal representative.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P 72(b).  The failure to file objections **within 14 days** after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  **No Party should anticipate any extension of this deadline or any other related briefing deadlines.**

**SO RECOMMENDED**.

Date: 1/30/2025

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

15

Distribution:

All ECF-registered counsel of record via email

MX PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET
5998 Hollythorn Place
Carmel, IN 46033

SIU WONG PING a/ka/ SIUWONG PING a/k/a PETER PAN
5998 Hollythorn Place
Carmel, IN 46033

MIN XIU DONG a/k/a MINXIU DONG
5998 Hollythorn Place
Carmel, IN 46033