UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KUN DUAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MX PAN INCORPORATED d/b/a FORMOSA )<br>SEAFOOD BUFFET, et al., )<br>)<br>Defendants. ) | No. 1:22-cv-02333-RLY-KMB |

### ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS

Presently pending before the Court is Plaintiff's Motion for Sanctions, specifically seeking sanctions against Defendant Min Xiu Dong. Ms. Dong has not responded to the Motion for Sanctions and the time to do so has passed.. [Dkt. 82.] For the reasons discussed more fully herein, this Motion is **GRANTED IN PART** such that Defendant Dong shall pay Plaintiff **$11,021.98** in attorney fees and costs as a result of her failure to abide by the Court's Order Granting Plaintiff's Motion to Compel, [dkt. 54].

### I. BACKGROUND

In April 2024, Plaintiff filed a Motion to Compel based on Defendants' MX Pan Incorporated d/b/a Formosa Seafood Buffet ("MX Pan"), Siu Wong Ping, and Min Xiu Dong (collectively "Defendants") failure to provide discovery responses and a names list for the collective action. [Dkt. 50.] In July 2024, the Court granted Plaintiff's Motion to Compel, ordered Defendants to provide the necessary responses, and set an in person hearing to discuss appropriate sanctions, up to and including default. [Dkt. 54.] Plaintiff filed a Motion for Sanctions and Default a few days later. [Dkt. 56.]

Five days before the September 30, 2024, hearing Plaintiff filed a "status report" requesting to appear remotely at the conference. [Dkt. 60.] Because the conference had been scheduled more than two months previously and given the severity of Plaintiff's sanctions request, the Court denied that request. [Dkt. 61.] At the September 30, 2024, hearing Defendants Ping and Dong appeared in person with a friend, Chris Yang, who served as an interpreter because Mr. Ping and Ms. Dong speak Mandarin. [Dkt. 62.] During the hearing, Mr. Ping became ill and was transported to a local hospital. [*Id.*] The Court adjourned the hearing rescheduled it to continue on November 20, 2024. [Dkt. 63.]

Prior to the rescheduled hearing, Plaintiff filed a Motion to Preclude Use of Non-Certified Interpreter Chris Yang at the Continued Show Cause Hearing. [Dkt. 64.] Mr. Yang did not appear at the continued hearing; instead, Mr. Ping and Ms. Dong were accompanied by their daughter, Ms. Annie Ping. [Dkt. 68.] Ms. Ping represented to the Court that her father had a stroke and was not able to speak coherently. [*Id.*] Counsel for Plaintiff, Ms. Tiffany Troy, orally withdrew the Motion to Preclude Use of Non-Certified Interpreter Chris Yang. [*Id.*]

At the hearing, Ms. Dong made it clear that the Defendants would like the Court's assistance in recruiting counsel, if possible, and the Court took a brief recess while the applicable forms were completed. [*Id.*] Mr. Ping and Ms. Dong's Motion to Appoint Counsel and Motion for Leave to Proceed In Forma Pauperis were submitted to the Court for consideration. [Dkts. 66; 67.] At the hearing, Ms. Troy expressed doubt that Mr. Ping and Ms. Dong would qualify for *in forma pauperis* status. [Dkt. 68 at 2.] The Court stated it understood Ms. Troy's concern and reiterated that submitting the motion was not a guarantee of counsel. [*Id.*] After the hearing, Plaintiff filed a Response in Opposition to Defendants' Motion to Appoint Counsel and Leave to Proceed In Forma Pauperis. [Dkt. 69.] That same day, without reliance on or reference to Plaintiff's response,

2

the Court denied Defendants' Motion for Assistance Recruiting Counsel and Motion to Proceed In Forma Pauperis. [Dkt. 70.]

Because the Court did not hear substantive argument on Plaintiff's Motion for Sanctions at the continued November hearing, it allowed all Parties to file a supplemental brief if desired. [Dkt. 71.] Plaintiff filed a supplemental brief. [Dkts. 72; 73.] At the end of January 2025, the undersigned issued a Report and Recommendation on Plaintiff's Motion for Sanctions and Default, [dkt. 56], recommending that default judgment be granted as to Defendant MX Pan and denied without prejudice as to Defendant Ping and Defendant Dong. [Dkt. 75.] The Court recommended staying all proceedings against Defendant Ping until his legal competency could be determined and recommended that Defendant Dong "be ordered to compensate the Plaintiff for his reasonable attorney fees and costs caused by her failure to comply with the Court's Order Granting the Motion to Compel at dkt. 54." [*Id.* at 12.] No Party objected, and the District Judge adopted the Report and Recommendation in full. [Dkt. 76.] The case as to Mr. Ping is currently stayed. [*Id.*]

In April 2025, the Court issued an order directing further proceedings in the case. [Dkt. 77.] Among other things, it required Plaintiff to file an Amended Case Management Plan and required Plaintiff to file an appropriate motion if Plaintiff intended to seek sanctions against Defendant Dong. [*Id.*] Plaintiff filed the Amended Case Management Plan, [dkt. 78], as well as the pending Motion for Sanctions against Defendant Dong. [Dkt. 82.] Plaintiff's Motion requests $13,229.50 for attorney fees and $1,103.40 in costs. [*Id.*] Defendant Dong has not responded to the Motion for Sanctions and the time to do so has passed. As such, the Motion is ripe for the Court's review.

3

## II. LEGAL STANDARD

When a party fails to comply with a court order under Federal Rule of Civil Procedure 37(b)(2)(C), the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "The party facing the sanctions (the non-complying party) bears the burden to establish that failure was substantially justified or harmless or the imposition of sanctions would be unjust." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill. Jan. 19, 2021) (citing *Salgado by Salgado v. Gen Motors, Corp.*, 150 F.3d 735, 742 (7th Cir. 1988)). District courts "possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of attorney's fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). The Court has already determined that an award of fees is an appropriate sanction in this case, so the only issue that remains is determining the amount of a reasonable award.

To determine the appropriate amount of a fee award, the Court begins with the "lodestar" method. "Our case law provides that the starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Houston v. C.G. Sec. Servs. Inc.*, 820 F.3d 855, 859 (7th Cir. 2016). However, district courts "have a great deal of discretion with regard to assessing the reasonableness of the hours expended by counsel." *Outzen v. Kapsch Trafficcom USA, Inc.*, 2023 WL 2213618, at *1 (S.D. Ind. Feb. 23, 2023). "For the second half of the lodestar calculation, '[t]he reasonable hourly rated used in calculating the lodestar must be based on the market rate for the attorney's work.'" *Id.* (citing *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007)).

Trial courts can decrease fee awards where they are not reasonable or are unjust. "The district court must . . . provide a concise but clear explanation of its reasons for any reduction. In other words, the court cannot simply eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (internal citations omitted). "[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring the courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000). Similarly, a court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2009) (quoting *Henseley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The goal of fee shifting is "to do rough justice, not to achieve auditing perfection . . . [T]rial courts may take into account their overall sense of a suit." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### III. DISCUSSION

The Court ordered that Defendant Dong must "compensate the Plaintiff for his reasonable attorney fees and costs caused by her failure to comply with the Court's Order Granting the Motion to Compel at dkt. 54." [Dkt. 75 at 12.] Plaintiff requests both attorney fees and costs. [Dkt. 82.] The Court will address each request in turn.

#### A. Fees Requested

Plaintiff requests that compensation for 57.9 hours of attorney and non-attorney time be awarded based on the billings of Managing Associate Aaron Schwitzer, Associate Tiffany Troy, and Clerk Gavin Dass. [*Id.* at 12.] The Court must determine the lodestar first, which means it must decide if the hours are reasonable, and if so, multiply them by a reasonable hourly rate.

5

*Houston*, 820 F.3d at 859.  Then the Court must ensure that the hourly rate charged is reasonable based on the market rate.  *Outzen*, 2023 WL 2213618, at *1.  The Court has "a great deal of discretion" in determining if the hours requested are reasonable, *id.*, and it should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation[,]" *Cho*, 524 F. Supp. 2d at 209.

       i.     *Attorney Aaron Schweitzer*

Attorney Aaron Schweitzer billed 6.75 hours at an hourly rate of $400.00.  [Dkt. 82 at 12.] He spent 5.17 hours drafting a letter regarding Defendants' non-compliance with the Court's Order and drafting the Motion for Sanctions.  [Dkt. 82-5 at 1.]  The Court finds this time to be reasonable. However, Mr. Schweitzer also billed 0.83 hours to draft the "status report" requesting to appear remotely for upcoming conference.  [*Id.*]  The Court denied that request, finding it to be untimely and noting that Plaintiff's choice to hire out-of-state counsel was "just that—a choice."  [Dkt. 61.] The Court will not order Defendant Dong to pay for Plaintiff's untimely motion to appear remotely. Mr. Schweitzer also spent 0.75 hours reviewing and revising Plaintiff's opposition to Defendants' Motion to Proceed In Forma Pauperis.  [Dkt. 82-5 at 2.]  This written opposition was unnecessary, given that Plaintiff's position was made clear at the second hearing and Defendants' Motion for Counsel and to Proceed In Forma Pauperis was not "caused by" Defendant Dong's failure to comply with the Court's Order on the Motion to Compel.  Additionally, the threshold issue surrounding Defendant Dong's request for counsel is wholly separate from the legal issues surrounding the Plaintiff's motions under Federal Rules of Civil Procedure 37(a) and 37(b). Therefore, the amount of time sought by Plaintiff is **REDUCED** by 1.58 hours for Mr. Schweitzer's time as detailed herein.

6

As for the appropriate market rate, "[t]he burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Gautreaux*, 491 F.3d at 659. Mr. Schweitzer's hourly rate is $400. [Dkt. 82-1 at 5.] The Court finds that Plaintiff's Motion and Brief adequately establish the market rate for Mr. Schweitzer, [dkt. 83 at 3; dkt. 82-1 at 4-7], and Defendant Dong has not demonstrated why a lower rate should be awarded. Therefore, the Court awards **$2,068.00 (5.17 hours multiplied by $400 an hour)** for Mr. Schweitzer's time on the case.

    ii.    *Attorney Tiffany Troy*

Attorney Tiffany Troy billed 32.47 hours at an hourly rate of $250.00. [Dkt. 82-1 at 11.] She spent 22.88 of these hours reviewing filings in advance of the first hearing, preparing for the conference, attending the conference, conferring with her office after the conference, preparing a post-conference memo, reviewing and preparing before the continued hearing, attending the continued hearing, drafting the supplemental brief, drafting the amended case management plan, reviewing Court orders from the continued hearing, compiling exhibits and receipts, and drafting the sanctions brief and declaration. [Dkt. 82-5 at 1-2.] The Court finds this time to be reasonable.

Ms. Troy spent 0.92 hours printing filings, setting up her laptop, and preparing mail and emailing the Defendants. The Court does not find this time to be reasonable. "[T]he court should disallow . . . hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (internal quotations omitted). Therefore, the amount of time sought by Plaintiff is **REDUCED** by 0.92 hours.

Ms. Troy spent 2.5 hours drafting and continuing to draft the opposition to Defendants'

7

Motion to Appoint Counsel. [*Id.* at 2.] As discussed above, any opposition to the Motion to Appoint Counsel was not "caused by" Defendant Dong's failure to comply with a Court order. Therefore, the amount of time sought by Plaintiff is **REDUCED** by 2.5 hours.

Similarly, Ms. Troy spent 5.17 hours to draft and finalize, the Motion to Disqualify the Non-Certify Interpreter. [*Id.*] As set forth in the Background of this Order, this motion ultimately was unnecessary and Plaintiff orally withdrew it at the second hearing. [Dkt. 68.] Therefore, the amount of time sought by Plaintiff is **REDUCED** by 5.17 hours.

Ms. Troy also spent 1.00 hour researching case law "re Spoliation and MCCC Dissemination when List is Missing." [Dkt. 82-5 at 2.] It is not clear how this information was used or how such research was a result of Ms. Dong's failure to abide by court orders. As such, the amount of time sought by Plaintiff is **REDUCED** by 1.00 hour.

In total, the amount of time sought by Plaintiff is **REDUCED** by 9.59 hours for Ms. Troy's time as detailed herein. Ms. Troy's hourly rate is $250.00. The Court finds that Plaintiff's Motion and Brief adequately establish the market rate for Ms. Troy, [dkt. 83 at 4; dkt. 82-1 at 7-10], and Defendant Dong has not demonstrated why a lower rate should be awarded. Therefore, the Court awards $**5,720.00 (22.88 hours at $250 an hour)** for Ms. Troy's time on the case at her regular rate.

Ms. Troy also billed 15.6 hours at her "travel rate" which is $125.00, half of her usual rate. [Dkt. 82-1 at 11.] The Seventh Circuit Court of Appeals has held that "reasonable travel warrants attorneys' fees, but unnecessary or unsupported travel does not." *Nichols v. Ill. Dept. Transp.*, 4 F.4th 437, 443 (7th Cir. 2021). This time was spent traveling from the office to the airport, through security, on the flight from New York to Indianapolis, from the airport to the Indianapolis Courthouse, the reverse journey, and the full trip once more. [Dkt. 82-5 at 1-2.] The Court finds

8

this time is reasonable and the rate is reasonable.  As such, The Court awards **$1,950.00 (15.6 hours at the requested rate of $125 per hour)** for Ms. Troy's travel time on the case.

    *iii.*    *Clerk Gavin Dass*

Clerk Gavin Dass billed 3.08 hours at $150.00.  [Dkt. 82-1 at 11.]  He spent this time printing and mailing the letter of non-compliance and motion for sanctions, drafting affidavits, having case discussions, purchasing tickets, and emailing *pro se* Defendants.  The Court finds this time reasonable.  The Court finds that Plaintiff's Motion and Brief adequately establish the market rate for Mr. Dass, [dkt. 82-1 at 10-11], and Defendant Dong has not demonstrated why a lower rate should be awarded.  As such, the Court awards **$462.00 (3.08 at $150 an hour)** for Mr. Dass' time on the case.

    **B.  Costs Requested**

Plaintiff requests a total of $1,103.40 in costs be awarded.  These costs are comprised of:

- Wi-Fi for flight to Indianapolis ($9.95);
- Postage for mailing to Defendants ($4.59);
- Four share ride receipts for trips to and from the Indianapolis airport to the Courthouse ($43.71, $28.09, $27.58, and $27.58); and
- Roundtrip airfare to Indianapolis on two occasions ($542.95 and $418.95).

The Court finds the costs overall to be reasonable, with the exception of Wi-Fi and the total amount requested for airfare.  Plaintiff's supporting documents do not show Ms. Troy utilized the Wi-Fi to work on anything related to this case.  The request for fees will be **REDUCED** by $9.95.  As for airfare, on July 12, 2024, the Court set the first in-person hearing for September 30, 2024, more than 11 weeks later.  [Dkt. 54.]  Despite this advanced warning, Plaintiff waited until September 25, 2024, to request to appear remotely and, thus, did not buy plane tickets until

September 26, 2024, when the request to appear remotely was denied. [Dkt. 82-5 at 4.] However, even this belated purchase was for the wrong date. [*See id.* (flight for October 21, 2024).] It was not until September 28, 2024, that Plaintiff secured a flight for the hearing on September 30, 2024, a mere two days before the flight. [*Id.* at 6-7.] Plaintiff cannot expect Defendant Dong to bear the increased cost of buying a last-minute flight two days before the hearing when the hearing was set eleven weeks in advance. Accordingly, the Court will decrease the cost of Plaintiff's September 30, 2025, flight by 50%, such that instead of $542.95, Plaintiff will be awarded **$271.48** for the September 30, 2024, flight. All other costs are **granted**, such that the total amount is **$821.98.**

## IV.   CONCLUSION

For the reasons discussed more fully herein, Plaintiff's Motion for Sanctions is **GRANTED IN PART** such that Plaintiff is awarded $10,200.00 in fees and $821.98 in costs expended because of Defendant Dong's failure to comply with the Court's Order on the Motion to Compel. Defendant Dong must pay the total award of **$11,021.98** to **Troy Law, PPLC**, no later than **November 7, 2025.** Plaintiff's counsel is **ORDERED** to file a written notice with the Court when that payment is made in full. If the payment is not timely made, Plaintiff's counsel shall file a notice with the Court by **November 14, 2025**.

**SO ORDERED.**

Date: 9/8/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MX PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET
5998 Hollythorn Place
Carmel, IN 46033

10

SIU WONG PING a/ka/ SIUWONG PING a/k/a PETER PAN
5998 Hollythorn Place
Carmel, IN 46033

MIN XIU DONG a/k/a MINXIU DONG
5998 Hollythorn Place
Carmel, IN 46033